```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 5, 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
Andrew Soto                                          :
                                                     :
                              Plaintiff(s),          :         15 Civ. 7032 (KPF)
        v.                                           :
                                                     :         CIVIL CASE
City of New York, et al.                             :         MANAGEMENT PLAN
                                                     :         AND SCHEDULING
                              Defendant(s).          :         ORDER
                                                     :
------------------------------------------------------X

   This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent ✓] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. Settlement discussions [have _____ / have not ✓] taken place.

3. The parties [have ✓ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **30** days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **14** days from the date of this Order. [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

6. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than **November 23, 2015**.

7. Discovery

   a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

   b. All fact discovery shall be completed no later than <u>March 4, 2016</u>. *[A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   c. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than <u>April 18, 2016</u>. *[Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 7(b) (i.e., the completion of all fact discovery).]*

8. Interim Discovery Deadlines

   a. Initial requests for production of documents shall be served by <u>November 5, 2015</u>.

   b. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by <u>November 5, 2015</u>. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

   c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

   d. Depositions of fact witnesses shall be completed by <u>March 4, 2016</u>.

      i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

      ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

   iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

 e. Requests to admit shall be served by <u>February 4, 2015</u>.

 f. Any of the deadlines in paragraphs 8(a) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(b).

 g. No later than 30 days prior to the date in paragraph 7(b) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(c).

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), which are available at http://nysd.uscourts.gov/judge/Failla.

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. All counsel must meet in person for at least one hour to discuss settlement within 14 days following the close of fact discovery EXCEPT in cases brought as putative collective actions under the Fair Labor Standards Act, in which case counsel must meet to discuss settlement within 14 days following the close of the opt-in period.

12. Alternative dispute resolution/settlement

   a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:
   N/A

   b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
   A settlement conference before a Magistrate Judge

   c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 12(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   Within the next 90 days but before the deposition of the plaintiff

   d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case. Before filing a summary judgment motion, the moving party must file a pre-motion submission pursuant to Section 3(A) of the Court's Individual Rules. The submission shall be filed within 30 days of the close of fact or expert discovery, whichever comes later.

14. Similarly, any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, is to be filed within 30 days of the close of fact or expert discovery, whichever is later.  Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

15. Unless otherwise ordered by the Court, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3).  The parties shall also follow Paragraph 5 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

16. If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules.  Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).  If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules.

17. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 30 days after the Joint Pretrial Order is filed.

18. This case [is __✓__ / is not _____] to be tried to a jury.

19. Counsel for the parties have conferred and the present best estimate of the length of trial is __2-3 days_____.

20. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
    N/A
    _____
    _____
    _____
    _____

Counsel for the Parties:

Baree N. Fett, Esq., Harvis & Fett, for
plaintiff Andrew Soto.
_____    _____


_____    _____


_____    _____


_____    _____


**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____ shall file a motion for _____ no later than _____. Any opposition shall be filed by _____ and any reply shall be filed by _____. One courtesy copy of all motion papers, marked as such, shall be mailed or hand delivered to the Court by the movant at the time the reply is served. All courtesy copies should be three-hole punched, tabbed, and placed in binders as specified in the Court's Individual Rules.

The next pretrial conference is scheduled for ___March 10, 2016___ at ___2:00 p.m.___ in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

By Thursday of the week prior to that conference, the parties shall submit via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(4) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

(5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(6) A statement of whether the parties anticipate filing motions for summary judgment, including the basis of any such motion; and

(7) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and must be made no fewer than two business days prior to the expiration of the date sought to be extended.

SO ORDERED.

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge

Dated: ___November 5___, 2015
New York, New York