UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ANDREW SOTO,

                              Plaintiff,

                    -against-

CITY OF NEW YORK; Correction Officer INDIRA BEY-FADIGA, Shield No. 17768; Correction Officer KENNETH LUTHAS, Shield No. 14220; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

15 CV 7032 (KPF)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Andrew Soto ("plaintiff" or "Mr. Soto") is a resident of New York County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the Department of Correction ("DOC"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of correction officers and supervisory correction officers, including the individually named defendants herein.

8. Defendant Correction Officer Indira Bey-Fadiga, Shield No. 17768 ("Bey-Fadiga"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bey-Fadiga is sued in her individual and official capacities.

9. Defendant Correction Officer Kenneth Luthas, Shield No. 14220 ("Luthas"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Luthas is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were correction officers or supervisors employed by the DOC. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and DOC. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 10:00 p.m. on March 19, 2014, Mr. Soto was incarcerated in the George Motchan Detention Center on Rikers Island ("GMDC").

14. Mr. Soto was in the dayroom of his housing area when an inmate assaulted him.

15. Upon information and belief, at least two correction officers were present in plaintiff's housing area at the time the assault took place, with additional officers inside the security booth commonly referred to as "the bubble."

16. No correction officer attempted to intervene or in any way assist Mr. Soto during the assault.

17. After several minutes, the offending inmate slashed Mr. Soto on the

-3-

right side of his face with a sharp object causing a deep laceration.

18. For several more minutes, defendants stood by while the assault on Mr. Soto continued.

19. Eventually, Mr. Soto, with blood streaming down his face, was able to break free from the violent inmate and ran toward a defendant correction officer for assistance.

20. Instead of helping plaintiff in any way, the defendant correction officer sprayed OC spray at Mr. Soto and then stepped back from him with her hands up, refusing to assist him.

21. The offending inmate continued to come after Mr. Soto while correction officers looked on.

22. The assault on Mr. Soto continued, in plain view of the DOC staff assigned there.

23. Even though the defendant officers were fully aware that Mr. Soto faced an imminent and preventable risk of serious physical injury and they were in a position and had a reasonable opportunity to do so, none of the defendants made any attempt to intervene, to disarm or apprehend the inmate who chased and assaulted Mr. Soto, or to signal an alarm or to otherwise protect Mr. Soto in any way.

24. Still without assistance and grievously injured, Mr. Soto finally managed to make it out of the housing area on his own, putting an end to the assault.

25. Mr. Soto was eventually treated for his injuries, including receiving multiple stitches on the right side of his face.

26. A permanent scar is visible on Mr. Soto's face.

27. Plaintiff suffers from ongoing physical and psychological injuries as a result of the violent assault and defendants' failure to assist him in any way during the course of the attack.

28. Mr. Soto suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, pain, permanent bodily injury, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### Municipal Liability – *Monell*

29. The City of New York has an unconstitutional policy, practice and/or custom in connection with the management and staffing of its Rikers Island jails, including GMDC.

30. At all relevant times, GMDC was inadequately staffed.

31. At all relevant times, incidents of inmate violence were not accurately or completely reported, and no legitimate effort was made to prevent them.

32. At all relevant times, DOC failed to implement adequate safeguards to prevent the possession of weapons by inmates, including the weapon used to injure plaintiff in this case.

33. At all relevant times, violent inmates were insufficiently punished.

34. As a consequence of these failures, and the negligent and intentional misconduct described herein, GMDC has had, at all relevant times, a culture of violence.

35. The City of New York is also liable for its deliberate indifference to the consequences of the policy, practice and/or custom, and for failing to train, supervise and/or discipline those employees responsible for creating, promulgating and perpetuating this policy, practice and/or custom.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Deliberate Indifference

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

39. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff.

40.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Unreasonable Force

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff by spraying the harsh chemical agent known as OC spray into Mr. Soto's face when he was already grievously injured, bleeding and seeking their assistance.

43.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Failure To Intervene

44.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.     Those defendants that were present and observed the events described herein had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:    December 9, 2015
         New York, New York

                        HARVIS & FETT LLP

                        _____

                        Baree N. Fett
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        bfett@civilrights.nyc

                        *Attorneys for plaintiff*